■ JAMES LANGNER et al., Respondents, v. EMANUEL ESCHWEGE, Appellant. — Order, Supreme Court, New York County, entered on November 19, 1971, granting plaintiffs' motion for summary judgment in this malpractice action, unanimously reversed, on the law, without costs and without disbursements, and the motion denied. Appeal from the order of said court entered on November 15, 1971, denying reargument, unanimously dismissed as nonappealable, without costs and without disbursements. Defendant attorney is charged with failing to prosecute an action and permitting the time provisions of the applicable Statute of Limitations to expire. Defendant was not retained by plaintiffs. They retained the third-party defendant attorney and he, in turn, consulted and allegedly retained defendant. A sharply disputed issue of fact is raised concerning the nature and scope of such latter relationship. Defendant claims that he was engaged, primarily in his capacity as a New Jersey attorney, solely to aid in settling the case during the claim stage. No affidavit by the third-party defendant was submitted at Special Term. Under the circumstances, Special Term clearly erred in holding that "Disposition of this motion is not affected

by whatever agreement may have existed between defendant and the referring attorney ". This is the critical issue involved and it cannot be resolved on the basis of the conflicting affidavits in the records. Concur — Kupferman, J. P., McNally, Tilzer and Capozzoli, JJ.